UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81092-CIV-DIMITROULEAS

**PATRICIA KOZAK** and **DEBORAH KOZAK**,
individually and on behalf of all others similarly
situated,

    Plaintiff,

vs.

**RHEUMATOLOGY AND
ENDOCRINOLOGY SPECIALISTS OF
THE PALM BEACHES, P.A.,** a Florida
corporation,
**ADAM BARRON**, individually,
**RENANIT BARRON**, individually, and
**JACOB ELKAYAM**, individually,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

1)  **STATEMENTS OF THE CASE:**

**PLAINTIFFS' STATEMENT OF THE CASE:**

Plaintiffs bring claims for unpaid overtime wages under the Fair Labor Standards Act. Plaintiffs' claims are valued as set forth in Exhibit #2 of Plaintiffs Motion for Default Judgment [DE 15]. Plaintiffs seek statutory doubling for all unpaid wages along with attorneys' fees, costs and interest.

**DEFENDANTS' STATEMENT OF THE CASE:**

Defendant defends claims alleged by Plaintiff by stating Plaintiff's were hourly employees and were properly compensated for their overtime wages. Defendant's agreed to compensate Plaintiff, Patricia Kozak, at an hourly rate of $11 and Deborah Kozak, at an hourly rate of $14. Based on the time sheets Defendants properly compensated Plaintiffs for all overtime wages and therefore Plaintiff's are not entitled to any additional compensation.

**2)    The Basis of Federal Jurisdiction**

This Court has original jurisdiction over the federal law claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter. This is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216. The parties stipulate that FLSA coverage (i.e. subject matter jurisdiction) exists, and therefore no evidence regarding the $500,000 and/or interstate commerce prongs will need to be introduced at trial.

**3)    Pleadings Raising the Issues**

    a)    Plaintiffs' Complaint [DE 1] filed September 14, 2010.

    B.    Defendants' Answer and Affirmative Defenses [DE 19] to the Complaint.

**4)    A List of All Undisposed Motions or Other Matters Requiring Action by the Court**

    **A.** None

**5)    Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

    A.    The parties stipulate that FLSA coverage exists, and therefore no evidence regarding the $500,000 and interstate commerce prongs will need to be introduced at trial regarding the relevant years.

6) **Issues of Fact Which Require Proof at Trial**

   <u>**For the Plaintiffs**</u>:

   A. The hours Plaintiffs worked and whether they were paid in accordance with the overtime wage laws.

   B. Whether the individual Defendants Jacob Elkayam, Adam Barron and Renanit Barron qualify individually as an "employer" under the "Act".

   C. How much overtime wages are owed to the Plaintiffs.

   D. Whether the alleged violation was "willful" as defined by the "Act".

   <u>**For the Defendants:**</u>

   A. The hours worked by the Plaintiffs and whether they were properly compensated within the overtime wage laws.

   B. Whether the individual Defendants Jacob Elkayam, Adam Barron and Renanit Barron qualify individually as an "employer" under the "Act".

   C. Whether Rheumatology and Endocrinology Specialists of the Palm Beaches, P.A. qualify as an "employer" under the "Act".

   D. Whether Plaintiffs are entitled to any Damages or overtime from any of the Defendants.

   E. If there was any violation of FLSA, whether Defendant's willfully violated the FLSA.

   F. Whether Plaintiff's "exempt" as defined under the "Act".

7) **Concise Statement of Issues of Law on Which There is Agreement**

   A. FLSA coverage (i.e. subject matter jurisdiction) exists in this matter.

**8)**    **Issues of Law Remaining for Determination by the Court**

    **For the Plaintiffs**:

        A.  Imposition of Liquidated Damages should Plaintiffs prevail at trial.

        B.  Attorneys fees and costs should Plaintiffs prevail at trial.

    **For the Defendants:**

        B.  Attorneys fees and costs should Defendant prevail at Trial.

        C.  The issues set forth in Defendant's Answer and Affirmative Defenses [DE 19]

**9.**    **Trial Exhibits/Witnesses.**

See attached for all Parties.

**10.**   **Estimated Trial Time**

The parties estimate that this will be a 2-3 day jury trial.

**11.**   **Estimate of Attorneys' Fees**

        A.  Plaintiffs will provide an estimate of attorneys' fees upon prevailing.

        B.  Defendants will provide an estimate of attorneys' fees upon prevailing.

DATED:  The 12th day of January, 2012.

MILITZOK & LEVY, P.A.
ATTORNEYS FOR PLAINTIFFS
3230 STIRLING ROAD, SUITE 1
HOLLYWOOD, FL 33021

BY:__/S/ BRIAN JAY MILITZOK _____
BRIAN JAY MILITZOK, ESQUIRE
FLORIDA BAR NO.: 69993
PH: 954.727.8570
FAX: 954.241.6857
BJM@MLLAWFL.COM

CAREY LAW GROUP, P.A.
ATTORNEY FOR DEFENDANTS
801 NORTHPOINT PARKWAY
SUITE 7
WEST PALM BEACH, FL 33407

BY:___/S/ RICHARD BRIAN CAREY _____
RICHARD BRIAN CAREY, ESQUIRE
FLORIDA BAR NO.:
561-247-1266
EMAIL: RICHARD@RCAREYLAW.COM